Custody of a Minor (No. 2).

Plymouth. March 6, 1986. — April 18, 1986.

Present: Grant, Cutter, & Kass, JJ.

*Minor*, Care and protection, Visitation rights. *Parent and Child*, Care and protection of minor. *Practice, Civil*, Findings by judge.

On review and redetermination under G. L. c. 119, § 26, concerning the care and custody of a minor, the judge's report of the proceedings, as well as clinical reports in the record, supported the judge's decision to terminate the mother's visitation rights. [93-94]

Although in review and redetermination proceedings under G. L. c. 119, § 26, concerning the custody of a minor, the judge must consider the current needs of the child and the current fitness of the parent, he may also base his decision on facts previously established and not altered since without requiring that they be proved anew. [94]

In review and redetermination proceedings under G. L. c. 119, § 26, concerning the care and custody of a minor, the judge need not find that a change in circumstances has occurred in order to alter the previous custodial arrangement. [94-95]

PETITION filed in the Brockton Division of the District Court Department on January 12, 1982.

A petition for review, filed on November 30, 1984, was heard by *George N. Covett, J.*

*Stephen H. Merlin* for the mother.

*Douglas H. Wilkins*, Assistant Attorney General, for Department of Social Services.

*Anne T. Hiltz* for the minor.

KASS, J. Upon a second review and redetermination, under G. L. c. 119, § 26, last par. (as amended through St. 1983, c. 117), concerning the care and custody of a minor, a District Court judge ordered the termination of visitation by the minor's biological mother. The mother's appeal under G. L. c. 119, § 27, raises questions about the scope of review and burden

of proof applicable in the "review and redetermination of the current needs of [the] child" available every six months under § 26.

If, as here occurred, the custody order is altered, the mother argues that such a revision must be supported by a material change in circumstances found on the basis of clear and convincing evidence.

We sketch the background. Proceedings on behalf of the child began in the District Court in January, 1982, and culminated in a determination under G. L. c. 119, § 26, that the child needed care and protection. The judge entered an order placing her in the care and custody of the Department of Social Services (DSS). During the pendency of those proceedings the minor was admitted to the Italian Home for Children, and she remained there through the period of review here at issue. A first review, brought on the initiative of the mother and which asked for extended rights of visitation, took place in the spring of 1984. Findings and an order, which refused extended visiting, were entered on the docket on May 31, 1984. On November 30, 1984, precisely when six months had run, the mother again requested a review.

After hearing, the judge found that the mother remained unable to care for the child. That finding did no more than bring up to date a finding of current unfitness made at the times of the underlying order and the first review. That continuing parental incapacity the mother does not contest. The issue is one of visitation.

The judge further found that from May 25, 1984, to October 18, 1984, the major portion of the review period, the mother had not visited the child at all. On November 2, 1984, the child's eleventh birthday, the mother cancelled her scheduled visit. Those repeated disappointments to the child manifested themselves in outbursts of misbehavior, e.g., tantrums. Resumption of visits by the mother produced an even more pronounced deterioration of behavior. The behavioral problems induced by the mother's visits greatly complicated locating a suitable family placement for the child. She was too disruptive for a family to cope with. Yet the delay in finding a suitable

family setting for the child had worked an extremely negative effect on her emotional well-being. When, in January, 1985, a family was found for the child, her behavior improved. She became hopeful, cheerful, more relaxed, and modulated her behavior to win acceptance.

In all this the judge was building on findings he had made in connection with the earlier stages of the proceedings. Included in the earlier findings was a tragic catalog of chronic mental illness and attempted suicides, five different physical settings and seven changes in school setting for the child in five years, and emotional and physical neglect of the child. This translated into a needy child who functioned badly on an emotional level. Although there was a bond with the mother, it was a destructive one.

We have reviewed the judge's report of the proceedings below, made in accordance with G. L. c. 119, § 27,[1] as well as clinical reports in the record appendix. We are entirely satisfied that there was ample basis for the judge's findings. The record included powerful evidence that the child thought of her mother as destructive and became depressed and lethargic when visits with her mother impended. The judge's findings, taken cumulatively, demonstrate "close attention . . . [to] the evidence and that the necessity of removing the child from . . . her [mother] has been persuasively shown." *Custody of a Minor (No. 1)*, 377 Mass. 876, 886 (1979). *Custody of a Minor (No. 2)*, 392 Mass. 719, 725 (1984).

It is settled that findings of parental unfitness in care and protection cases, as well as in cases dispensing with consent to adoption, must be made on the basis of clear and convincing evidence. *Custody of a Minor (No. 2)*, 392 Mass. at 725. See *Santosky* v. *Kramer*, 455 U.S. 745, 769-770 (1982). The same standards apply to a ruling which, as here, terminates all visitation rights by a parent. *Custody of a Minor (No. 2)*, 392 Mass. at 726. Before terminating visitation rights, the judge

---

[1] Section 27, as appearing in St. 1983, c. 314, provides in pertinent part: "A . . . parent . . . may appeal from the adjudication of the court . . . under the provisions of [§ 26] to the appeals court. . . . Any appeal under this section shall be made by filing a draft report . . . ."

must — as he did in this case — make specific findings demonstrating that parental visits will harm the child. *Ibid.* Compare *Care & Protection of Three Minors*, 392 Mass. 704, 718 (1984). See G. L. c. 119, § 35.

The critical findings, i.e., those which bear on *current* unfitness must be made in a review and redetermination proceeding under § 26, as well as in an initial one. This is not to say, however, that the review and redetermination begins with a blank slate. As we observed earlier in this opinion, each review and each successive set of findings builds on preceding stages. It would be not only inefficient but inhumane to call upon the parties each time to reestablish by proof facts already once established and not since altered. The proper focus of inquiry on a § 26 review is on those facts which have undergone some metamorphosis since the previous order or are newly developed and, in consequence, alter the relationship between the biological parent and the child. For example, the mother's mental health may have taken a marked turn for the better, or conversely, for the worse; the mother's physical environment may have improved, or not; the ability of the mother to play the role of a competent, supporting parent may have improved, or not.

We do not think the reviewing judge, if he is to order a change in custodial arrangements, must, as the mother has argued, find that a material change in circumstances has occurred. Indeed, that no change in circumstances has occurred may be a sound basis for altering the court's order. The previous solution may not have worked. Thus, a judge may order transitory arrangements, e.g., supervised visiting and counselling, which look to restoration of the family unit and may decide, upon review, that there has been so little change in the circumstances of the principals that it is wiser to opt for a permanent and stable solution. In undertaking a § 26 review it is appropriate for the judge to apply all that has been learned since the previous hearing to the central questions: the fitness of the parent or parents and the welfare of the child. See *Custody of a Minor*, 389 Mass. 755, 765-767 (1983); *Custody of a Minor (No. 3)*, 16 Mass. App. Ct. 998, 1000-1001 (1983);

*Guardianship of a Minor*, 19 Mass. App. Ct. 333, 336 (1985); *Custody of a Minor*, 21 Mass. App. Ct. 1, 6-7 (1985).

The order of the judge terminating visitation by the mother[2] is affirmed.

*So ordered.*

---

[2] The order also permits the biological father to visit the child while she is at the Italian Home for Children on a monthly basis so long as he is sober, and directs that plans for the placement of the child in an alternative setting be completed. There are no appeals from those aspects of the order.