COMMONWEALTH *vs.* KAROLINE LEWANDOWSKI
(and a companion case [1]).

Hampden.    December 16, 1985. — April 25, 1986.

Present: BROWN, SMITH, & WARNER, JJ.

*Rape. Practice, Criminal*, Required finding, Sentence. *Evidence*, Fresh complaint, Expert opinion.

At the trial of a mother and her son on indictments under G. L. c. 265, § 22A, charging each with forcible rape of a child who had been placed at the age of two in the mother's foster care, there was sufficient evidence of all the elements of the crime, including force, to warrant conviction. [149-150]

At the trial of indictments charging forcible rape of a minor, there was no error in allowing the Commonwealth's medical expert, a pediatrician with extensive experience in evaluating sexual abuse in children, to express his opinion on whether the result of his examination of the victim was consistent with sexual molestation, or to state his view that the victim's level of sexual knowledge was very sophisticated for her age, where, although the doctor admitted that he had received information from other sources, he stated that his testimony was based entirely on the information obtained from the victim and his own examination and observation of her. [150-151]

At the trial of a mother and her son for the forcible rape of a child who had been placed in the mother's foster care at the age of two, the judge did not err in imposing a more severe penalty on the mother than on the son. [151]


INDICTMENTS found and returned in the Superior Court Department on June 17, 1983.

The cases were tried before *Lawrence B. Urbano*, J.

*Carlo A. Obligato*, Committee for Public Counsel Services, for Andrew Lewandowski.

*Ellen B. Kaplan* for Karoline Lewandowski.

[1] Commonwealth *vs.* Andrew Lewandowski.

*Charles E. Dolan*, Assistant District Attorney (*Dianne M. Dillon*, Assistant District Attorney, with him) for the Commonwealth.

BROWN, J.   On indictments charging each defendant with rape of a child under sixteen by force (see G. L. c. 265, § 22A) and indecent assault and battery upon a child under fourteen, the defendants were each convicted on one charge of rape of a child by force.[2] The defendants were sentenced to the same term of years; however, the sentence of the male defendant was suspended. Except for the female defendant's challenge to her sentence, both defendants raise the same issues on appeal, none of which rises to the level of reversible error. We discuss each claim in turn.

1. The defendants claim that their motions for required findings of not guilty of the rape should have been allowed because the Commonwealth presented insufficient evidence of force, an essential element of the proof required to establish an offense under G. L. c. 265, § 22A. We disagree. On the state of the evidence at the close of the Commonwealth's case, force was reasonably inferable. See *Commonwealth* v. *Sherry*, 386 Mass. 682, 687 (1982).

The offenses allegedly took place while the minor victim was in the foster care of the defendant Karoline. Karoline's son Andrew, the codefendant, and one William Martin, Karoline's boyfriend,[3] also resided in the home. At the time of the foster placement in 1979 the victim was approximately two years of age. The child remained in Karoline's custody until she was adopted in 1983. The correctness of the judge's denial of the defendants' motions for required findings of not guilty is manifest from the victim's testimony and from an abbreviated version of the properly admitted corroborative fresh complaint testimony[4] of the victim's adoptive mother, which was essentially similar to the victim's:  Andrew "had taken [the

---

[2] Prior to trial the judge dismissed an indictment charging the female defendant with failure to provide for the support and maintenance of a minor child in violation of G. L. c. 273, § 1.

[3] Martin also was accused of sexually molesting the minor victim.

[4] As to the proper use of fresh complaint testimony, see *Commonwealth* v. *Bailey*, 370 Mass. 388, 391-397 (1976).

victim] out of her crib several times and had hurt her in different ways . . . with his tail"; Andrew and William Martin had put their penises in the victim's mouth and in her "hole"; and Andrew, Karoline, and Martin had "tickled" her; the victim told her mother that tickling meant putting fingers "in her little hole."[5] There was also supportive testimony from a medical doctor, expert in the area of sexual and physical abuse. The doctor had used anatomically correct dolls in his examination of the victim.

As to proof of force, it takes no great leap of imagination to appreciate that the requisite degree of force on this two year old foster child was implicit in such a coercive environment as is presented in the circumstances. The jury need only focus on the victim's age and size reasonably to conclude that the episodes alleged occurred without her consent. See *Commonwealth* v. *Edgerly*, 13 Mass. App. Ct. 562, 580 (1982) ("against [victim's] will" may properly be equated with "without her consent").

2. There was no error in allowing the Commonwealth's medical expert to give his opinion on whether the result of his examination of the victim was consistent with sexual molestation. See *Commonwealth* v. *Howard*, 355 Mass. 526, 530-531 (1969). Compare *Commonwealth* v. *Mendrala*, 20 Mass. App. Ct. 398, 402-404 (1985). Nor was it error for him to state his opinion that the victim's level of sexual knowledge was very sophisticated for her age. See *id.* at 404 n.7.

The expert witness, relying on his experience and training, based his evaluation of the victim primarily on a physical examination and his observations of her manipulating anatomically correct dolls. He also extracted history from the victim. Although the doctor admitted that he had received information from other sources, he stated that his testimony (that his "examination was consistent with sexual molestation") was based entirely on the information obtained from the victim and his own examination and observation of her. See *Commonwealth*

---

[5] The victim indicated in her testimony that she had been "hurt" by the defendants, that Andrew had put his finger and his penis or "tail" in her "hole," and that Karoline had put her finger "in [the victim's] little hole."

v. *Peets*, 8 Mass. App. Ct. 916, 917 (1979); *Commonwealth* v. *McNickles, ante* 114, 121-122 (1986) ("The diagnosis as related to the jury contained no information additional to that previously given by the doctor which had been based only on his direct observations").

Likewise, the doctor's opinion about the victim's level of sexual sophistication was properly admitted, as it fell within an area of his special expertise. He was a pediatrician with extensive experience in evaluating sexual abuse in children.

3. The trial judge did not err in imposing a greater punishment on the female defendant. The judge could properly have considered Karoline's position as a foster parent and as the person entrusted with the responsibility for primary care of the victim. Abuse of such a relationship would warrant a conclusion that her conduct was more culpable than that of her son.

*Judgments affirmed.*