## CUSTODY OF JENNIFER & another.

No. 87-474.

Norfolk.  September 15, 1987. — January 7, 1988.

Present: GREANEY, C.J., CUTTER, & WARNER, JJ.

*Minor,* Custody. *Parent and Child,* Care and protection of minor. *Evidence,* Admissions and confessions, Guilty plea, Hearsay, Relevancy and materiality, State of mind, Child custody proceeding, Expert opinion, Fresh complaint.

In a proceeding on a petition for the care and protection of two minor females, the judge did not err in admitting a certified copy of the record of their father's conviction on a guilty plea of indecent assault and battery on a child under fourteen years of age, the daughters' babysitter, where the evidence of the guilty plea was received, not for the purpose of showing that the father sexually abused his daughters, but as an admission by the father relevant to his fitness as a parent. [242]

On appeal by a father from a determination that his two daughters are in need of care and protection and an order committing them to the permanent custody of the Department of Social Services, this court vacated the order of commitment as to the father and remanded the case for further proceedings, where the judge who ordered the commitment had placed great weight on certain highly prejudicial and inadmissible testimony of the daughters' hearsay statements and assertive conduct and where, although other evidence may have been sufficient to support clearly and convincingly the judge's determination that the daughters were in need of care and protection, such a determination could not be made on the fragmented record before this court on appeal. [243-244]

In a proceeding on a petition for the care and protection of two minors, there was nothing in the record to support the admission of certain testimony of statements made by the minors regarding specific instances in which they had been sexually abused by their father and others, either as fresh complaints, or as prior inconsistent statements to rebut a claim of recent contrivance, or under a claim of an innominate exception to the hearsay rule. [244-245]

In a proceeding on a petition for the care and protection of two minors, the judge did not err in admitting two reports of an investigator appointed as an expert pursuant to G. L. c. 119, § 24, despite the inclusion in the reports of certain hearsay evidence. [245]

PETITION filed in the Quincy Division of the District Court Department on May 16, 1985.

The case was heard by *Lawrence D. Shubow*, J.

*Philip J. McCue* for the father.

*Lisa A. Levy*, Assistant Attorney General, for Department of Social Services.

*Marcia J. Mavrides* for the minors, submitted a brief.

WARNER, J. We have before us only the appeal by the father from a determination that his two daughters are in need of care and protection and an order committing them to the permanent custody of the Department of Social Services (department). See G. L. c. 119, § 26.[1] The appeal is presented on the findings, rulings and memorandum of decision of the District Court judge and a report (the draft report of the father which was settled and approved by the judge). See G. L. c. 119, § 27; Interim Supp. R.A.P. in Care and Protection Cases 3 & 4 (1982). The report raises issues concerning the propriety of the admission of certain oral and documentary evidence.[2]

1. The father first argues error in the admission of a certified copy of the record of his conviction (on a guilty plea) on February 21, 1985, of indecent assault and battery on a child under fourteen years of age. The offense was alleged to have occurred on or about May 27, 1983, and the victim had been the female babysitter for the daughters. The father seems to contend that the evidence was erroneously admitted for the purpose of showing that he sexually abused his daughters. The argument ignores that the judge explicitly received the evidence of the guilty plea only as an admission by the father relevant to his fitness as a parent. There was no error. See *Aetna Cas. & Sur. Co.* v. *Niziolek,* 395 Mass. 737, 747 (1985), and cases cited. The father could, and did, attempt to explain his reasons for pleading guilty. *Ibid.*

---

[1] Although the mother filed a notice of appeal and a draft report in the District Court, she has not prosecuted her appeal.

[2] Appointed counsel for the daughters joins the department in arguing affirmance of the District Court order.

2. Over the objections of the father, the judge allowed in evidence testimony of teachers, social workers, psychologists and others of statements made by the daughters regarding specific sexual abuse of them by the father and others. In addition, the judge admitted testimony describing the daughters' use of anatomically correct dolls and the attribution by the daughters of sexually improper conduct to the father and others. Finally, anatomically correct silhouette drawings were admitted, some with markings and notations relating the daughters' allegations of sexually improper conduct to the father and others. Contrast *Commonwealth* v. *Lewandowski,* 22 Mass. App. Ct. 148, 150 (1986). The department concedes (and counsel for the daughters appears to do so) that this evidence constituted hearsay. See generally Liacos, Massachusetts Evidence 262 (5th ed. 1981). They argue, however, that the judge properly admitted the evidence under the common law state of mind exception on which he expressly relied.

Under the state of mind exception to the hearsay rule an out-of-court statement of a declarant's *then* existing (i.e., at the time the statement is made) state of mind is admissible if his mental condition is relevant to a material issue in the case. See *Commonwealth* v. *Bond,* 17 Mass. App. Ct. 396, 398-399 (1984), and cases cited. However, "[a]n extrajudicial statement of a declarant is not ordinarily admissible if it is a statement of memory or belief to prove the fact remembered or believed." *Commonwealth* v. *Lowe,* 391 Mass. 97, 104 (1984), and authorities cited. We have no question that a child's state of mind may be a material issue in a care and protection proceeding. The problem here is that the judge's findings make clear that he substantially relied on evidence as proof of critical past events which he, on admission, limited to state of mind (and used apparently at least to some extent on that question). The evidence was inadmissible for the former purpose. This is no less so because of the nature of the proceedings. See G. L. c. 119, § 21; *Custody of Two Minors,* 19 Mass. App. Ct. 552, 555-556 (1985).

It may well be that other evidence, such as testimony as to observations of the daughters, properly founded opinions of ex-

perts, see, e.g., *Commonwealth* v. *Lewandowski,* 22 Mass. App. Ct. at 150-151, the very limited testimony of one of the daughters and the demeanor of both,[3] unobjected-to hearsay evidence, see *Commonwealth* v. *Stewart,* 398 Mass. 535, 543 (1986), the reports of the investigator (which contain recitations of much of the objectionable testimony, see part 3, *infra*) and the testimony of the parents, was sufficient to support clearly and convincingly the conclusion of the judge that the daughters were in need of care and protection. We cannot make that determination on the fragmented record before us. We know that the judge placed great weight, in terms, on the highly prejudicial and inadmissible testimony of the daughters' hearsay statements and assertive conduct. We do not have a transcript of the proceedings but only the inadequate recitations of evidence contained in the report. Indeed, had we not called for the original exhibits, we would not have known that there were extensive objections to the reports of the investigator which were acted on by the judge. (The judge's rulings, made by marginal notations, are not altogether clear in some instances.) In these circumstances, we think the best course to follow is to vacate the order of commitment as to the father and remand the case for further proceedings.

3. We comment briefly on other contentions advanced by the parties. The judge did not receive any of the disputed evidence which we have discussed as "fresh complaint," nor was it apparently offered as such. There is nothing in the record before us to suggest that proper foundation had been, or could have been, laid for its use for the purpose. See *Commonwealth* v. *Bailey,* 370 Mass. 388, 394-397 (1976); *Commonwealth* v. *Comtois,* 399 Mass. 668, 672 n.9, 673-674 (1987); *Commonwealth* v. *Brenner,* 18 Mass. App. Ct. 930, 931-932 (1984), and cases cited; *Commonwealth* v. *Adams,* 23 Mass. App. Ct.

---

[3]From the judge's findings we learn that the daughters were called as witnesses at the request of the parents. One daughter turned her back to the parents, was overcome by emotion, and was unable to testify. The other daughter expressed her love for the parents, and said, "They touched us down there when we were at home," and expressed a desire to remain in foster care "until *Daddy gets help.*"

534, 535-536 (1987). There is nothing whatever in the record to support the admission of the evidence as prior consistent statements to rebut a claim of recent contrivance, and no argument in this respect appears to have been made to the judge. In any event, such prior consistent statements are not admitted to prove the truth of the facts asserted. See *Commonwealth* v. *Zukoski,* 370 Mass. 23, 26-27 (1976). The claim of an innominate exception to the hearsay rule was not made to the judge, and the summary presentation to us does not rise to the level of appellate argument. See *Commonwealth* v. *White,* 370 Mass. 703, 713 (1976); Proposed Mass.R.Evid. 803(24) and Advisory Committee Notes (specifically rejecting the innominate exception provision found in Fed.R.Evid. 803[24]).

Finally, the judge admitted, with some deletions on motion by the father, two reports of an investigator appointed as an expert pursuant to G. L. c. 119, § 24. There was no error. That such reports are admissible despite the inclusion of hearsay is now beyond question. See G. L. c. 119, §§ 21 & 24; *Custody of a Minor (No. 2),* 378 Mass. 712, 723 (1979); *Custody of a Minor (No. 2),* 13 Mass. App. Ct. 290, 304 (1982); *Custody of Two Minors,* 19 Mass. App. Ct. at 557-559. See also *Gilmore* v. *Gilmore,* 369 Mass. 598, 604-605 (1976) (report of guardian ad litem appointed pursuant to G. L. c. 215, § 56A); *Duro* v. *Duro,* 392 Mass. 574, 580, 580-581 n.9 (1984) (report of probation officer pursuant to G. L. c. 276, § 85B). Their admission is determined by implicit statutory declarations of exceptions to the hearsay rule.[4]

---

[4] In response to the limitations of existing common law exceptions, legislatures in a growing number of States have enacted special statutory exceptions to the hearsay rule covering extrajudicial statements of child sexual abuse victims. The statutes provide various procedural and substantive safeguards designed to ensure that the statements are reliable and to protect the defendant from undue prejudice. See Ariz. Rev. Stat. Ann. § 13-1416 (1985); Colo. Rev. Stat. § 18-3-411(3) (1986); Fla. Stat. Ann. § 90.803(23) (Supp. 1987); Ill. Rev. Stat. c. 37, par. 704-6 (1985); Ind. Code Ann. § 35-37-4-6 (Burns 1985); Iowa Code Ann. § 232.96(6) (West 1984-85) (applicable to juvenile court proceedings only); Kan. Stat. Ann. § 60-460(*dd*) (1985); Minn. Stat. Ann. § 595.02 (West 1986); Mo. Rev. Stat. § 491.075 (1986); R.I. Gen. Laws § 14-1-69 (1985); S.D. Codified Laws

4. The order of commitment of the daughters to the permanent custody of the department is vacated as to the father. The judge is to reconsider the case without regard to the evidence which we have held inadmissible and make new findings. In light of the passage of time, the judge should consider new competent evidence, including any taken on a petition for review and redetermination pursuant to G. L. c. 119, § 26. Pending the conclusion of further proceedings, custody of the daughters is to remain with the department, unless the judge otherwise orders.

*So ordered.*

Ann. § 19-16-38 (1986); Utah Code Ann., § 76-5-411 (Supp. 1983); Vt. Stat. Ann., Rules of Evid. 804a, 807 (1986); Wash. Rev. Code Ann. § 9A.44.120 (1986). See generally, Comment, A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases, 83 Colum. L. Rev. 1745, 1764-1766 (1983); Comment, Legislative Responses to Child Sexual Abuse Cases: The Hearsay Exception and the Videotape Deposition, 34 Cath. U.L. Rev. 1021, 1035-1041 (1985); Myers, Hearsay Statements by the Child Abuse Victim, 38 Baylor L. Rev. 775, 906-911 (1986).