COMMONWEALTH *vs.* ROBERT T. MELCHIONNO. No. 89-P-1216. August 22, 1990. *Constitutional Law,* Confrontation of witnesses, Assistance of counsel. *Rape. Witness,* Child, Refreshment of recollection. *Practice, Criminal,* Required finding, Assistance of counsel. *Evidence,* Leading question, Expert opinion.

Robert Melchionno was convicted by a jury of forcible rape of a child under the age of sixteen (G. L. c. 265, § 22A) and indecent assault and battery of a child under the age of fourteen (G. L. c. 265, § 13B).[1] The victim was a five year old girl. There was a further indictment under § 13B involving a six year old playmate of the little girl. Of that, the defendant was acquitted. On appeal, the defendant asserts seven instances of error. We affirm.

The government's case was that the defendant had forcibly dragged the two children from outdoor play into his apartment. There he took off his clothes, removed the little girl's clothes, and put his finger inside her vagina.

1. *Right of confrontation.* As typically occurs in child abuse cases, the testimony of the child witnesses was often inconsistent and contradictory. While the little girl was on the stand, she initially denied that the defendant had put his finger inside her "private spot." This was contrary to what she had said on other earlier occasions, and the prosecutor pressed for the answer he had expected. The prosecutor began a question as follows: "I want you to look at me. I don't want you to look over at Bob [the defendant]. Okay? Try to look just at me. Okay?" The defendant argues that the prosecutor's request to the witness deprived the defendant of his right under art. 12 of the Massachusetts Declaration of Rights to "meet the witnesses against him face to face."

A "face to face" encounter in a court of law to which an accused is entitled, *Commonwealth* v. *Bergstrom,* 402 Mass. 534, 541-551 (1988), does not presuppose eye contact at all times. As the court observed in *Bergstrom* at 541, "a witness is more likely to testify truthfully if required to do so under oath, in a court of law, and in the presence of the accused and the trier of fact." Contrast *Maryland* v. *Craig,* 110 S. Ct. 3157, 3164

---

[1]No sentence was imposed in connection with the conviction of indecent assault and battery. That indictment was placed on file.

(1990). When the witness and the accused are in the courtroom at the same time, it is scarcely likely that their gazes will not meet and the salutory effect of confrontation (which, of course, includes cross-examination) will be achieved. The child on the witness stand would have been aware of the defendant in the courtroom in direct line of sight. It was not unreasonable of the prosecutor to ask that when he put a question that she look at him so that he might have her attention and so that she would not be subject to signals, whether intended or unintended, from the defendant. The prosecutor's request of the witness was not out of order, and no error attended the refusal of the trial judge to grant a motion for a mistrial by reason of the prosecutor's request that the witness look at him when he put a question.

2. *Required finding of not guilty.* Statements by the victim that the defendant had put his finger in her private spot, that he took off her clothes and his clothes, and statements by a physician who examined her that the size and color of her vaginal opening were abnormal and consistent with penetration were sufficient to take the case to the jury. This evidence, which came in during the government's presentation, warranted a rational trier of fact in finding the elements of the crime beyond a reasonable doubt. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979). *Commonwealth* v. *Cordle*, 404 Mass. 733, 738-739 (1989). *Commonwealth* v. *Thomas*, 19 Mass. App. Ct. 1, 5 (1984). It does not matter that some of the evidence could be characterized as equivocal or contradictory. *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 410-411 (1978). That some of the evidence was the product of leading questions to the government's own witness is permissible when the witness is a child. *Commonwealth* v. *Baran*, 21 Mass. App. Ct. 989, 991 (1986).

3. *Ineffective assistance of counsel.* Our examination of the record does not support the claim of ineffective assistance of counsel. Appellate counsel's points are a catalog of things he would have done differently and of questions appellate counsel wishes had been asked. For example, appellate counsel argues that trial counsel failed to buttress the defendant's credibility through character witnesses and that he permitted the prosecutor to lead too much. Tactical decisions or even lapses such as those did not deprive the defendant of a substantial ground of defense. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974); *Commonwealth* v. *Florentino*, 396 Mass. 689, 690 (1986); *Commonwealth* v. *Thomas*, 399 Mass. 165, 169 (1987). "Invariably the lawyer who refights a campaign on the written record finds ways to fight it better." *Commonwealth* v. *McGann*, 20 Mass. App. Ct. 59, 61 (1985).

4. *Expert testimony.* A physician who examined the victim could testify on the basis of his observations that the victim displayed physical symptoms consistent with sexual abuse and that he thought those symptoms were the product of sexual abuse. He did not testify as to findings to be made by the jury and he did not say who had perpetrated the abuse. In-

deed, the physician testified that he could not tell precisely what had caused penetration. See *Commonwealth* v. *Lewandowski,* 22 Mass. App. Ct. 148, 150 (1986). That the physician gave his opinion that the exhibited symptoms were to a "reasonable medical certainty" the product of sexual abuse did not dilute the standard of proof (beyond a reasonable doubt) which applies in a criminal case. *Ibid.* Objections to reliance on hearsay in connection with the physician's testimony about the alleged boy victim are without consequence as the defendant was acquitted on charges involving the boy.

5. *Double jeopardy.* As indecent assault and battery was charged as a separate offense, it was unnecessary for the judge to instruct the jury that they might find the defendant guilty of that crime as a lesser included offense of rape. To have done so was harmless, however, and trial counsel, understandably, did not object. To argue, as appellate counsel has, that this subjected the defendant to double jeopardy exhibits a profound misunderstanding of what double jeopardy is about.

6. *Use of probable cause testimony.* On direct examination by the prosecutor, the victim, as noted, responded unexpectedly to certain questions. For example, she had responded "No," when asked if the defendant had removed her clothes. The prosecutor then asked, "Do you remember telling the lady judge in Chelsea Bob took your clothes off?" The witness answered that question, "Yes." Several questions later she responded, "Yes," to the question, "Did Bob take your clothes off?" This was a permissible use of prior testimony to refresh present recollection. *Commonwealth* v. *Fiore,* 364 Mass. 819, 823 (1974). *Commonwealth* v. *Hoffer,* 375 Mass. 369, 376 (1978). There were other aspects of her probable cause testimony in District Court which the prosecutor asked the child about which she did not remember and which she did not adopt.

7. *Jury instruction.* A reading of the jury instructions discloses as simply mistaken the defendant's assertion that the judge failed to instruct the jury that the category of rape charged required the jury to find that the child had not given her consent. The requirement that the sexual intercourse took place "against the victim's will," under standard definitions of rape in the Commonwealth, has been taken to mean "without the victim's consent." *Commonwealth* v. *Burke,* 105 Mass. 376, 377 (1870). *Commonwealth* v. *Roosnell,* 143 Mass. 32, 40 (1886). *Commonwealth* v. *Helfant,* 398 Mass. 214, 220-221 (1986). By looking to the child's age and size, a jury could reasonably have inferred that the sexual intercourse took place by force and against her consent. Again, understandably, trial counsel did not object to that aspect of the jury instructions.

*Judgment affirmed.*

*Richard Yospin* for the defendant.
*Jane A. Donohue,* Assistant District Attorney, for the Commonwealth.