CARE AND PROTECTION OF ERIN.

Essex. December 8, 2004. - March 3, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Moot Question. Practice, Civil,* Moot case. *Parent and Child,* Care and protection of minor. *Due Process of Law,* Care and protection of minor, Standard of proof. *Evidence,* Presumptions and burden of proof.

This court concluded that where a petition is filed seeking review and redetermination of an initial determination pursuant to G. L. c. 119, § 26, that a child is in need of care and protection, the filing party bears an initial burden of producing some credible evidence that circumstances have changed since the initial determination such that the child may no longer be in need of care and protection, after which the Department of Social Services bears the ultimate burden of proving, by clear and convincing evidence, that the child is still in need of care and protection. [570-572]

PETITION filed in the Essex County Division of the Juvenile Court Department on September 24, 1999.

A motion for review and redetermination was heard by *Sally F. Padden,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael F. Kilkelly* for the mother.

*Brigid Kennedy-Pfister* for the child.

*Daniel J. Hammond,* Assistant Attorney General, for Department of Social Services.

IRELAND, J. We transferred this case from the Appeals Court on our own motion to decide whether, in this case of first impression, the Department of Social Services (department) or a parent bears the burden of proving that a child is still in need of care and protection where a party subsequently files a petition for review and redetermination after the initial determination pursuant to G. L. c. 119, § 26, that the child was in need of care and protection. A Juvenile Court judge ruled that, on a

petition for review and redetermination, the mother bore the burden to prove, by clear and convincing evidence, that she was currently fit. The child, whom we shall call Erin, became eighteen years old on January 16, 2005, making this case moot. However, we focus on the salient legal issues if only because they are important and capable of repetition. See *Boston Herald, Inc.* v. *Superior Court Dep't of the Trial Court*, 421 Mass. 502, 504 (1995). See also *Commonwealth* v. *Gomes*, 419 Mass. 630, 631 n.2 (1995), and cases cited (where issue is of significant public importance, consideration of moot case is matter of judicial discretion).[1]

We conclude that the department always bears the burden of proving, by clear and convincing evidence, that a child is still in need of care and protection. We further conclude that where, as here, a party files a petition for review and redetermination, the moving party bears an initial burden to produce some credible evidence that circumstances have changed since the initial determination, such that the child may no longer be in need of care and protection. Once such a showing is made, the department must then meet its burden of proving that the child is still in need of care and protection. Ordinarily we would determine whether Erin and her mother met their burden of production, but because Erin has now turned eighteen years old, we dismiss the appeals as moot.

*Facts and procedural background.* We recount the relevant facts, reserving certain details for our discussion. In November, 2000, by stipulation, Erin's mother was found to be unavailable to parent her,[2] and ultimately, Erin was adjudicated a child in need of care and protection and was committed to the department's custody pursuant to G. L. c. 119, § 26. At the time, there were no findings of fact issued, nor was there a colloquy. No documents were admitted in evidence.

In April, 2003, Erin was hospitalized for cutting herself, and

---

[1]On January 18, 2005, a Juvenile Court judge granted a motion to dismiss the case because Erin had reached eighteen years of age. We note receipt of a postargument letter, dated January 13, 2005, in which all parties urged the court to decide the issues in this case.

[2]As discussed, *infra*, this is comparable to being declared unfit. G. L. c. 119, § 24. Erin's father was not a party to these proceedings.

she had run away, more than once, from residential placements. During this time, she contacted her mother.[3] Additionally, Erin was removed from her father's care that month, and the department informed her attorney that the plan was to keep Erin in a shelter bed program pending placement in a group home. Erin then filed a petition for review and redetermination, as did her mother.[4] Erin's petition challenged the department's decision to place her in a group home and stated that she wanted to be placed with either parent or in a foster home. In the motion filed in support of her petition, the mother stated that Erin's placement with her father had broken down, that she was offering to assume custody of Erin, and that the department abused its discretion in not considering her for Erin's placement.

The judge held a hearing on the petition on May 21, 2003. Only the mother testified. She stated (and the judge found) that she was worried about Erin's mental health and, if she regained custody of Erin, she would put Erin in therapy and lock up all pills and sharp objects in her home. She stated that she took medication to control her own mental illness and, although she was not in therapy to deal with the issues caused by either her mental illness or by Erin's behavior and condition, she did keep in telephone contact with a therapist. She also testified that, although she had been homeless and living in a motel in April, 2003, since her marriage a few weeks earlier on May 3, 2003, she was living in an apartment with her husband and her six year old daughter. No documents were admitted in evidence at the hearing.

At the hearing, the judge ruled that the mother did not prove, by clear and convincing evidence, that she was fit. Both the mother and Erin appealed. In the meantime, the judge allowed the parties to submit proposed findings of fact, after which the judge issued findings of fact and conclusions of law that

---

[3]The judge found, based on the mother's testimony, that the mother knew that Erin had run away from one of her placements when Erin appeared at the mother's wedding. The mother did not contact the police or the department, and trusted that Erin would return to her placement on her own, "despite [Erin's] recent high risk behaviors and history of running. In fact [Erin] did not return to [the] program, but ended up in Providence, Rhode Island."

[4]Under G. L. c. 119, § 26, a party may petition for review and redetermination every six months.

included information elicited from an investigator's report that was not admitted in evidence at the hearing. The judge concluded that the mother was unfit to care for Erin and that it was in Erin's best interests to remain in the department's custody.

*Discussion.* We first discuss the burden of proof for the various parties involved in a petition for review and redetermination and then discuss other salient issues.

1. *Burden of proof.* Parents have a fundamental liberty interest in maintaining custody of their children, which is protected by the due process clause of the Fourteenth Amendment to the United States Constitution. *Care & Protection of Robert*, 408 Mass. 52, 58, 60 (1990). However, that interest is not absolute and the State may intervene if a parent is unfit. *Id.* at 60. In a proceeding to commit a child to the custody of the department under G. L. c. 119, § 26, the department bears the burden of proving, by clear and convincing evidence, that a parent is currently unfit to further the best interests of a child and, therefore, the child is in need of care and protection. *Care & Protection of Stephen*, 401 Mass. 144, 150-151 (1987). See *Custody of a Minor*, 389 Mass. 755, 766 (1983) (critical question for care and protection is whether parent is unfit to further best interests of child). Once custody is granted to the department, G. L. c. 119, § 26 instructs:

> "On any petition filed in any court pursuant to this section, the department, parents, person having legal custody of, counsel for a child, the probation officer, guardian or guardian ad litem may petition the court not more than once every six months for a review and redetermination of the current needs of such child whose case has come before the court . . . ."

In review and redetermination hearings, the judge does not start with a blank slate, but builds on findings established in the preceding stages. *Custody of a Minor (No. 2)*, 22 Mass. App. Ct. 91, 94 (1986). "The proper focus of inquiry . . . is on those facts that have undergone some metamorphosis since the previous order or are newly developed and, in consequence, alter the relationship between the biological parent and the child." *Id.*

Neither the statute nor our previous decisions shed any light

on who bears the burden of proof where a party has filed a petition for review and redetermination. Erin and her mother argue that it was error for the judge to put the ultimate burden on the mother to prove that she was fit by clear and convincing evidence. We agree.

Due process requirements must be met where a parent is deprived of the right to raise his or her child. *Care & Protection of Robert, supra* at 58, and cases cited (discussing balancing of interests between individual and government). See *Santosky* v. *Kramer,* 455 U.S. 745, 759-768 (1982); *Mathews* v. *Eldridge,* 424 U.S. 319, 335 (1976). Because of these liberty interests, it is never permissible in an initial care and protection proceeding to shift the burden of proof to the respondent parent. *Care & Protection of Ian,* 46 Mass. App. Ct. 615, 619 (1999).

Moreover, in cases that involve severing parental rights, the presumption that a child, who had been in the care of the department for more than one year, would have her best interests served by granting a petition for adoption or dispensing with the need for parental consent to adoption, violates the parents' due process rights because it shifts the burden to the parent affirmatively to prove fitness and to prove that the best interests of the child would be served by maintaining parental rights. *Petitions of the Dep't of Social Servs. to Dispense with Consent to Adoption,* 389 Mass. 793, 802-803 (1983).

A review and redetermination proceeding is a readjudication of the custody order under G. L. c. 119, § 26. *Custody of a Minor No. 1,* 13 Mass. App. Ct. 66, 69 (1982). As such, it implicates the same liberty interests that exist at an initial determination that a child is in need of care and protection. In a review and redetermination proceeding, the judge is deciding simply whether to maintain the separation of parent from child. Given that the liberty interests are identical to the interests present in the earlier proceeding, we see no reason to shift the burden from the department in a review and redetermination proceeding. In addition to identical liberty interests, "[t]he State's ability to assemble its case almost inevitably dwarfs the parents' ability to mount a defense. . . . Indeed, because the child is already in agency custody, the State even has the power to shape the historical events that form the basis for termination [of parental rights]." *Santosky* v. *Kramer, supra* at 763.

Accordingly, we conclude that in a petition for review and redetermination, the department bears the ultimate burden to prove that the child is still in need of care and protection. This necessarily involves showing that the parent is still unfit and the child's best interests are served by remaining removed from parental custody. See *Care & Protection of Stephen, supra* at 150, and cases cited. Furthermore, as in a proceeding initially to determine that a child is in need of care and protection, the department must meet this burden by clear and convincing evidence. *Custody of a Minor*, 389 Mass. 755, 766 (1983), quoting *Santosky* v. *Kramer, supra* at 769-770 ("Evidence that is at least 'clear and convincing' is constitutionally required for a finding of parental unfitness").

Although the department retains the ultimate burden of showing that the child is still in need of care and protection, we conclude that the party filing a petition for review and redetermination has an initial burden of production that must be met in order to trigger the department's burden. The party filing the petition must present some credible evidence that circumstances have changed since the initial determination such that the child may no longer be in need of care and protection. Once the party filing the petition meets its burden of production, the department must make its showing. Because this case is moot, we need not assess whether Erin and her mother met their burden of production in this case.

2. *Other claimed errors.* Where the case is moot, we need not address the other issues raised by Erin and her mother pertaining to the conduct of the hearing. We choose, however, to address two issues that may arise in other cases.

a. *Stipulation.* In essence, both Erin and her mother argue that because Erin was adjudicated in need of care and protection on a stipulation that the mother was "unavailable" to Erin, the stipulation could not be the basis of a review and redetermination hearing because there were no findings of fact against which to measure alleged changes in circumstances. We disagree. Under G. L. c. 119, § 24, unavailability is a ground for filing an initial petition to commit a child into State custody. Therefore, we conclude that a parent's stipulation that he or she in unavailable to parent a child is a valid basis for a judgment

because it is an admission of unfitness. However, because the judgment may well be the baseline for a petition for review and redetermination, the factual basis for the initial determination of unfitness ideally should appear somewhere in the record, either in a recorded colloquy or in a writing signed by the parties.

b. *Court investigator's report.* In twenty-one of her forty-three findings of fact in this case, the judge relied on a court investigator's report that was not made part of the record and was not introduced by the parties at the review and redetermination hearing.[5] If this case were not moot, we would have to analyze the impact of this error on the outcome. *Adoption of Helen,* 429 Mass. 856, 863 (1999). Because the report was not properly offered in evidence either at the time of the original judgment or at the review and redetermination hearing, the mother was denied the opportunity to rebut its findings. See *Care & Protection of Ian,* 46 Mass. App. Ct. 615, 619 (1999). See also *Commonwealth* v. *O'Brien,* 423 Mass. 841, 848 (1996), *S.C.,* 432 Mass. 578 (2000).

*Conclusion.* For the reasons stated above, we conclude that after a party moving for review and redetermination meets the burden of producing some credible evidence that circumstances have changed since the initial determination, such that the child may no longer be in need of care and protection, the department must then meet its burden of proving, by clear and convincing evidence, that a child is still in need of care and protection. We dismiss the appeals, not on the merits, but because they are moot.

*So ordered.*

---

[5]Such reports are admissible by statute. See *Custody of Jennifer,* 25 Mass. App. Ct. 241, 245 (1988), citing G. L. c. 119, §§ 21 and 24.