NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1110

COMMONWEALTH

vs.

THOMAS L. BERGERON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of aggravated rape of a child, G. L. c. 265, § 23A; two counts of rape of a child with force, G. L. c. 265, § 22A; and two counts of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B.  On appeal, the defendant claims that (1) the motion judge erred by denying his motion for a new trial because his trial counsel provided ineffective assistance when he failed to request a voir dire on the identity of the first complaint witness, and (2) the trial judge erroneously denied his motion for a required finding of not guilty as to the two counts of rape of a child with force because the evidence of force was insufficient.  Discerning no error, we affirm.

Discussion.  1.  First complaint witness.  The defendant claims he is entitled to a new trial because his trial counsel

provided ineffective assistance by not requesting a voir dire when the Commonwealth designated its first complaint witness shortly before trial.  We review the denial of a motion for a new trial "to determine whether there has been a significant error of law or other abuse of discretion."  Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

The evidence at trial was that the defendant sexually assaulted and raped his grandniece multiple times when she was between five and twelve years of age.  The victim told her mother about the abuse in July 2012, at which time the mother, the victim, and the victim's cousin reported it to police. During the initial police interview, the mother said that the victim first disclosed the abuse to her cousin approximately two months before the interview.  The cousin confirmed this account. During her Sexual Assault Intervention Network (SAIN) interview two days later, however, the victim stated that she first confided in two friends during the fall of 2011, and only told her cousin in 2012.[1]  One week before trial, both sides filed motions in limine, the defendant seeking to clarify who would be the first complaint witness and the Commonwealth designating the

---

[1] The SAIN interviewer testified to the grand jury that the victim first disclosed the abuse to her two friends.  As a result, the defendant's trial counsel attested that his trial preparation assumed one of the friends would be the first complaint witness.

victim's cousin as such.  Defense counsel accepted the designation of the cousin without objection.[2]  The victim testified on direct that she was unsure when she first told her cousin about the abuse, and when confronted with the SAIN interview on cross examination, she stated that the conversation likely took place two months before the July 2012 interview.  The cousin testified that she first heard of the abuse before her great-grandmother's death in 2010.

The defendant argues that his trial counsel should have requested a voir dire to address why the Commonwealth designated the cousin as the first complaint witness.  The argument is unpersuasive.  Where the defendant claims ineffective assistance, a new trial is warranted only if the defendant shows that (1) his trial counsel's conduct fell measurably below the standard of an ordinary, fallible lawyer, and (2) that shortcoming deprived him of "an otherwise available, substantial ground of defence."  Commonwealth v. Saferian, 366 Mass. 89, 96

---

[2] The defendant's appellate brief alludes to a claim of prosecutorial misconduct but without supporting legal authorities or explanation.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  We are therefore not required to address the claim, but we note that the motion judge considered it and found that the Commonwealth should have disclosed newly discovered information about the timing of the first complaint to the defense because it had impeachment value and was thus exculpatory.  However, the judge also found no prejudice to the defendant, because even without advance notice, defense counsel effectively used the inconsistent timeline to impeach the victim and her cousin at trial.

(1974).  "Where the claimed ineffectiveness is the result of a strategic or tactical decision of trial counsel, the decision must have been 'manifestly unreasonable' to be considered an error."  Commonwealth v. Ayala, 481 Mass. 46, 62 (2018), citing Commonwealth v. Kolenovic, 478 Mass. 189, 193 (2017).  Here, trial counsel stated during the motion in limine hearing that the defense was content with the Commonwealth's designation of the cousin as the first complaint witness in lieu of one of the victim's two friends.  In an affidavit accompanying the defendant's motion for a new trial, his lead trial counsel again indicated he was pleasantly surprised with the designation.[3]  Moreover, as far as trial counsel was aware, the cousin's factual account of what the victim disclosed was substantially the same as that of two friends; the main difference was the timing.  These circumstances indicate that trial counsel strategically chose not to challenge the designation of the first complaint witness and indeed, in his affidavit, he stated that he gave no further consideration to a request for voir dire.  Trial counsel's strategy was not manifestly unreasonable because it aligned with the overall defense goal of undermining the victim's and her cousin's credibility.  See Ayala, supra at

---

[3] Counsel believed the cousin was a less problematic witness for the defendant because she and the victim gave inconsistent timeframes for the disclosure, the cousin was a close family member, and the cousin was younger than the friends.

4

63 ("Only strategic and tactical decisions which lawyers of ordinary training and skill in criminal law would not consider competent are manifestly unreasonable" [quotations and citation omitted]).

Relying on Commonwealth v. Stuckich, and Commonwealth v. Murungu, the defendant argues that a voir dire was nevertheless required to determine who was the proper first complaint witness. See Commonwealth v. Stuckich, 450 Mass. 449, 455 (2008); Commonwealth v. Murungu, 450 Mass. 441, 446-447 (2008). The argument misses the mark. In Stuckich, the Supreme Judicial Court (SJC) required a voir dire where there was a factual dispute about the identity of the first complaint witness that could not be resolved without the presentation of evidence. See Stuckich, supra. And in Murungu, the SJC outlined two additional exceptions to the first complaint rule addressing instances when a second complaint witness may stand in the shoes of the first complaint witness, noting that a voir dire would generally be needed to determine whether those exceptions apply. See Murungu, supra. In this case, there was ambiguity about when and to whom the victim first disclosed the abuse. However, as previously discussed, finding the Commonwealth's final designation more favorable to his case, defense counsel made the reasonable strategic decision not to challenge the change. As a result, both Stuckich and Murungu are inapt, and on these facts,

5

no voir dire was required.  See Commonwealth v. Kebreau, 454 Mass. 287, 295-296 (2009) (where facts surrounding victim's multiple disclosures were undisputed, judge properly determined which complaint witnesses to admit based on counsel's representations and without voir dire); Commonwealth v. Revells, 78 Mass. App. Ct. 492, 496 (2010) (no voir dire required where no factual dispute existed about identity of first complaint witness).

The defendant further asserts that his trial counsel should have made better use of the inconsistencies between the victim's SAIN interview, her trial testimony, and the cousin's testimony. However, as the motion judge found, counsel's limited use of the SAIN interview was a reasonable tactic.  More focus on the statements obtained from the interview, including statements indicating that the victim had not only reported the rapes and abuse to her cousin but also to two friends, would arguably have strengthened the Commonwealth's case and prejudiced the defendant.  See Commonwealth v. Asenjo, 477 Mass. 599, 605-606 (2017) (first complaint doctrine's purpose is to eliminate prejudicial piling on of witnesses); Commonwealth v. King, 445 Mass. 217, 243 (2005) (testimony of multiple complaint witnesses "may unfairly enhance a complainant's credibility as well as prejudice the defendant by repeating for the jury the often horrific details of an alleged crime").  Additionally, as stated

6

supra, defense counsel effectively used the inconsistencies to impeach both the victim and her cousin.[4]  Like the strategic decision not to challenge the chosen first complaint witness, counsel's use of the inconsistent testimony was both reasonable and effective.  See Ayala, 481 Mass. at 62.  As a result, it was not an abuse of discretion for the motion judge to deny the defendant a new trial on this basis.

2.  Sufficiency of evidence of force.  The defendant claims the Commonwealth failed to prove that he used force to compel the victim to submit to a sexual act, as required to sustain his convictions of rape of a child with force.[5]  In reviewing a claim of insufficient evidence, we view the evidence in the light most favorable to the Commonwealth to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).

---

[4] The defendant further claims that his trial counsel's closing argument improperly assumed the burden of persuading the jury that the cousin was not the first complaint witness.  We disagree.  As the motion judge found, trial counsel's closing argument sought to cast doubt on the victim's credibility but did not shift any burden.

[5] The defendant moved for a required finding of not guilty at the close of the Commonwealth's case and again at the close of all the evidence.  The judge denied the motion as it pertained to the counts of rape of a child by force, among others.

7

The defendant claims the evidence of force was insufficient because when he threatened to harm the victim's family, he did so to prevent the victim from disclosing the abuse, not to coerce her into a sexual act. The argument is unavailing and relies on a mistaken understanding of the force element required for rape of a child. See G. L. c. 265, § 22A. "[T]he force needed for rape may, depending on the circumstances, be constructive force, as well as physical force, violence, or the threat of bodily harm." Commonwealth v. Caracciola, 409 Mass. 648, 653 (1991). "Constructive force requires proof that the victim was afraid or that she submitted to the defendant because his conduct intimidated her" (quotation and citation omitted). Commonwealth v. Vasquez, 462 Mass. 827, 846 (2012). A determination of constructive force requires "examination of the circumstances or fear in which the victim is placed, the impact of those circumstances or fear on the victim's power to resist and the defendant's conduct." Caracciola, supra at 651. Factors supporting constructive force include whether the defendant was an authority figure, whether the victim was in the defendant's care, whether a familial or other relationship of trust existed, and whether there was a disparity in age and physical size. See Commonwealth v. Armstrong, 73 Mass. App. Ct. 245, 255 (2008).

8

Here, the victim testified that the defendant threatened to hurt her family if she told anyone about the abuse. She did not say when the threat occurred but stated that she did not tell her mother before 2012 because she was afraid. The cousin, as the first complaint witness, also testified that the victim looked afraid when she spoke about the abuse. Moreover, the defendant was the victim's great-uncle, she was regularly left in his care, and the abuse took place when she was between five and twelve years of age.[6] The defendant's explicit threat of harm was therefore just one of several factors that,

---

[6] Given the disparity in age, the difference in physical size can be presumed to have been significant as well. See e.g., Commonwealth v. Melchionno, 29 Mass. App. Ct. 939, 940 (1990) (jury could reasonably infer sexual intercourse took place by force and against minor victim's consent by considering her age and size).

taken together, were more than sufficient to prove the element of force.[7]  See Armstrong, 73 Mass. App. Ct. at 255.

                              Judgments and order denying
                                new trial motion affirmed.

                              By the Court (Neyman,
                                Desmond & Smyth, JJ.[8]),

                              *Joseph F. Stanton*

                              Clerk


Entered:  August 11, 2023.

---

[7] To the extent that we have not specifically addressed subsidiary arguments in the parties' briefs, they have been considered, and do not warrant further discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[8] The panelists are listed in order of seniority.