NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-826

COMMONWEALTH

vs.

COLE F. SIMON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Cole F. Simon, appeals from a conviction, after a jury trial in the District Court, of strangulation, G. L. c. 265, § 15D (b). Concluding that the victim's testimony that, after she accused him of rape, the defendant used both his hands to squeeze her throat for multiple seconds, causing her to feel fear, provided sufficient evidence to establish strangulation, we affirm.

1. Standard of Review. "When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt.'"  Commonwealth v. Quinones, 95 Mass. App. Ct.

156, 162 (2019), quoting Commonwealth v. Faherty, 93 Mass. App.

Ct. 129, 133 (2018).  "The inferences that support a conviction

'need only be reasonable and possible; [they] need not be

necessary or inescapable.'"  Commonwealth v. Sabin, 104 Mass.

App. Ct. 303, 305 (2024), quoting Commonwealth v. Howe, 103

Mass. App. Ct. 354, 357 (2023).

     2.  Sufficiency of the evidence.  For the crime of

strangulation, "the Commonwealth must prove beyond a reasonable

doubt that the defendant (1) intentionally (2) interfered with

the normal breathing or circulation of blood of the victim; and

(3) applied substantial pressure on the throat or neck of the

victim."[1]  Commonwealth v. Lahens, 100 Mass. App. Ct. 310, 315

(2021).  The second and third elements are at issue in this

appeal.

     Here, a rational juror could conclude that the defendant

applied substantial pressure on the victim's throat, interfering

with her normal breathing or circulation of blood.  See

Commonwealth v. Rogers, 96 Mass. App. Ct. 781, 783-784 (2019)

("Merriam-Webster's Collegiate Dictionary 652 [2003] defines

'interfere' as follows:  'to interpose in a way that hinders or

impedes'").  The victim testified that the defendant "got really

_____

     [1]  The trial judge instructed the jury only on
strangulation, not on suffocation.

2

mad" at her because she told him that she had not consented to sex with him.[2]  He said she was "crazy" and "got, like, kind of on top of [her], and choked [her]."  "[H]e kind of, like, rolled over and put both of his hands on [her] throat" and "squeezed" for "five seconds."  When asked how she felt when the defendant "squeezed" her throat, the victim responded, "I guess fear."  A reasonable juror could infer from this evidence that the pressure applied by the defendant was substantial.

To be sure, the victim did not explicitly testify that the defendant interfered with her breathing, and indeed was equivocal when asked if she was able to breathe.  Cf. Commonwealth v. Rand, 487 Mass. 811, 813 (2021) (victim lost consciousness); Lahens, 100 Mass. App. Ct. at 313 (victim "experienced difficulty breathing").  Such explicit testimony, however, is not required.  In Rogers, 96 Mass. App. Ct. at 784, "[a]lthough the victim never testified directly that her breathing was hindered or impeded, she did demonstrate the actions of the defendant's hand on her neck," and we found sufficient evidence.  Accord Commonwealth v. Lao, 443 Mass. 770, 779 (2005), quoting Commonwealth v. Andrews, 427 Mass. 434, 400 (1998) ("The jury may consider circumstantial evidence of guilt

---

[2] The victim's testimony was corroborated by the testimony of a first complaint witness.  See Commonwealth v. King, 445 Mass. 217, 219 (2005).

3

together with inferences drawn therefrom that appear reasonable and not overly remote").  Here, where the defendant was trying to force the victim to recant her accusation of rape, a jury considering the totality of the circumstances and viewing those circumstances in the light most favorable to the Commonwealth could rationally infer that the victim's "fear" resulted from the defendant's interfering with her normal breathing as he used both his hands to squeeze her throat for multiple seconds.  See Lahens, 100 Mass. App. Ct. at 315.  The victim's equivocal testimony did not require the jury to reject this reasonable inference.  See Lao, supra ("it is for the jury to determine where the truth lies, for the weight and credibility of the evidence is wholly within their province"); Commonwealth v. Melchionno, 29 Mass. App. Ct. 939, 940 (1990) ("It does not matter that some of the evidence could be characterized as equivocal or contradictory").  Accordingly, the trial judge properly denied the defendant's motions for a required finding

of not guilty.

Judgment affirmed.

By the Court (Neyman,
  Ditkoff & Englander, JJ.[3]),

Clerk

Entered:  September 24, 2025.

---

[3] The panelists are listed in order of seniority.