ADOPTION OF GALVIN (and two companion cases[1] ). No. 01-P-1606. August 23, 2002. *Adoption,* Visitation rights, Care and protection, Dispensing with parent's consent. *Minor,* Adoption, Visitation rights, Care and protection.

A judge of the District Court entered an order pursuant to G. L. c. 119, § 26(5), that the Department of Social Services (department) provide for post-termination and postadoption visitation between Tim, who was determined to be in need of care and protection and was committed to the permanent custody of the department, and his younger brother and sister, Galvin and Alice, who were made eligible for adoption as a result of proceedings to dispense with parental consent. The order provided that visitation be "at such frequency and under such conditions as the Department determines to be in the best interests of all the Children."

Thereafter, Tim filed a motion for reconsideration, contending that the

---

[1]Adoption of Alice and Care and Protection of Tim. The children's names are pseudonyms.

sibling visitation statute required the judge, and not the department, to determine what arrangements would serve the best interests of the children and to enter an order setting forth the scheduling, terms, and conditions of visitation. The judge denied the motion, opining that it should not be the role of the court to "micro-manage" such decisions, "particularly when the Department" was available and "ready to give all parties the benefit of its expertise in resolving on-going visitation issues."[2] All three children argue on appeal that the judge impermissibly delegated judicial functions to the department.[3] We agree.

General Laws c. 119, § 26, as inserted by St. 1997, c. 43, § 99, provides, in relevant part, as follows:

> "The court shall, whenever reasonable and practical, and based upon a determination of the best interests of the child, ensure that children placed in foster care who are separated from siblings who are either in other foster or pre-adoptive homes or in the homes of parents or extended family members, have access to, and visitation rights with, such siblings throughout the period of placement in the care and custody of the commonwealth, or subsequent to such placements, if the children or their siblings are separated through adoption or long-term or short-term placements in foster care."

The statute also states as follows:

> "The courts shall determine at the time of the initial placements . . . that such visitation rights be implemented through a schedule of visitations or supervised visitations, to be arranged and monitored through the appropriate public or private agency, and with the participation of the foster, pre-adoptive or adoptive parents, or extended family members, and the child, if reasonable, and other parties who are relevant to the preservation of sibling relationships and visitation rights."

In addition, the statute provides as follows:

> "Periodic reviews shall be conducted, so as to evaluate the effectiveness and appropriateness of the visitations between siblings placed in care."

The plain language of the statute requires the judge not only to consider whether sibling visitation should be ordered, given the practicalities of the situation and the best interests of the children in question, but also to decide how such visitation should be implemented. Although the statute contemplates that visitations are "to be arranged and monitored" through the department (or other relevant agency), it is the judge, in the first instance, who "shall determine . . . that such visitation rights be implemented through a schedule of visitations or supervised visitations." The judge is also charged with

---

[2]The judge's alternate rationale, that Tim waived his right to a court-ordered visitation schedule, does not appear warranted by the record.

[3]At oral argument, the issues in this case were narrowed considerably by the department's acknowledgment that, notwithstanding some ambiguity in the judge's opinion on reconsideration, there was in effect a general order for sibling visitation, the details of which were left to the department's discretion.

continuing oversight of these arrangements by virtue of the provision mandating periodic review to evaluate the effectiveness and appropriateness of the visitation arrangements and, implicitly, to make modifications as circumstances may change. Compare *Adoption of Helen*, 429 Mass. 856, 861-862 (1999) (permitting biological parents to petition for review and redetermination would contradict the plain language of the statute).

We recognize that this degree of judicial involvement may sometimes be significant. However, the statute's directive that the court set and periodically review the schedule, terms, and conditions of sibling visitation is clear — no doubt reflecting a legislative judgment that such sensitive matters must be committed to a judge's neutral decision-making rather than being left to the discretion of parties. Cf. *Adoption of Dora*, 52 Mass. App. Ct. 472, 476 (2001) (judge may not delegate choice of adoptive placement to the discretion of the department).

As for the remaining issues in the case, we have considered the other arguments made by the parties, including those raised by the children's mother and father. We conclude that there was no error in the admission of the department's expert evidence and no infirmity in the judge's findings and conclusions as to unfitness and parental visitation. The judgment and decrees are therefore affirmed insofar as they (1) adjudicate Tim in need of care and protection and commit him to the custody of the department, and (2) dispense with the need for the parents' consent to, or notice of the adoption of Alice and Galvin. The case is remanded to the District Court for hearing and judicial determination of the schedule, terms, and conditions of sibling visitation.

*So ordered.*

*Andrew L. Cohen*, Committee for Public Counsel Services, for one of the children.

*Peter M. Dempsey* for the mother.

*Susan F. Drogin* for the father.

*Virginia A. Peel* for Department of Social Services.

*Patrick J. Johnston* for two of the children.