NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-956

ADOPTION OF PADRAIC (and two companion cases[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The mother appeals from decrees issued by a Juvenile Court judge terminating her parental rights with respect to the three children.  On appeal, the mother claims that (1) the Department of Children and Families (DCF) failed to establish by clear and convincing evidence that mother is unfit, and that the termination of mother's parental rights was in each child's best interests; (2) the judge failed to address whether termination of the mother's parental rights was in each individual child's best interests; and (3) the judge made numerous clearly erroneous findings.  We affirm.

Discussion.  "When reviewing a decision to terminate parental rights, we must determine whether the trial judge

---

[1] Adoption of Robert and Adoption of Steven.  The children's names are pseudonyms.

abused his discretion or committed a clear error of law."
Adoption of Elena, 446 Mass. 24, 30 (2006).  "[T]he judge's
assessment of the weight of the evidence and the credibility of
the witnesses is entitled to deference" (citation omitted).
Adoption of Quentin, 424 Mass. 882, 886 (1997).[2]

"To terminate parental rights to a child and to dispense
with parental consent to adoption, a judge must find by clear
and convincing evidence, based on subsidiary findings proved by
at least a fair preponderance of evidence, that the parent is

---

[2] The mother claims that the judge's findings of fact and
conclusions of law are not entitled to deference because she
omitted numerous facts deemed favorable to the mother, thereby
failing to make an "even-handed assessment of the evidence."
See Adoption of Imelda, 72 Mass. App. Ct. 354, 365 (2008),
quoting Petition of the Dep't of Pub. Welfare to Dispense with
Consent to Adoption, 376 Mass. 252, 260-261 (1978).  Viewing the
record as a whole, the judge's findings and conclusions do not
"suggest[] a purposeful attempt to stack the facts to support
its predetermined outcome," as the mother suggests.  See
Adoption of Anton, 72 Mass. App. Ct. 667, 673 (2008), quoting
Adoption of Helen, 429 Mass. 856, 859 (1999) ("The judge's
findings are both 'specific and detailed,' demonstrating, as we
require, that close attention was given to the evidence"
[footnote omitted]).  The judge did credit and include several
positive facts in her findings.  Notably, many of the general,
underlying facts claimed to be omitted were mentioned in the
judge's findings and conclusions, including that the mother was
taking medication and seeing a psychiatrist; the home was
observed to be neat and clean and adequately furnished; and the
children were up to date medically.  It matters little that an
additional instance in which these facts were supported was
omitted where evidence of the mother's unfitness was
overwhelming, as discussed below.  Moreover, given the
voluminous record in this case and similar cases spanning years
of DCF involvement, we cannot expect judges to include every
detail that bears some relevance in their findings and
conclusions.

unfit to care for the child and that termination is in the child's best interests." Adoption of Jacques, 82 Mass. App. Ct. 601, 606 (2012). "Clear and convincing evidence is evidence that is 'strong, positive and free from doubt.'" Adoption of Lisette, 93 Mass. App. Ct. 284, 293 n.14 (2018), quoting Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 871 (1975). In other words, the evidence "must be sufficient to convey a high degree of probability that the proposition is true" (quotation and citation omitted). Adoption of Rhona, 57 Mass. App. Ct. 479, 488 (2003), S.C., 63 Mass. App. Ct. 117 (2005).

Here, the main reasons underlying the judge's conclusions that mother is unfit and that termination of her parental rights was in each child's best interests include, but are not limited to, that (1) the mother has had consistent interpersonal issues that resulted in domestic abuse and frequent police intervention at her residence; (2) her "diagnosed mental illness and apparent substance misuse issues have directly impacted her ability to provide adequate supervision and otherwise keep the [c]hildren free from neglect and abuse while in her care"; (3) her "limited engagement in some services has not adequately improved these barriers to reunification"; (4) she has refused to cooperate with DCF's home visits and has failed to attend visits regularly without a credible excuse; (5) she has "demonstrated an inability to keep negative influences and relationships out of

3

her home on a long-term basis"; (6) "[t]he boys each have their own social, behavioral, and emotional challenges that were complicated by the chaotic dynamic of [the m]other's home"; (7) she "presents as unable to fully appreciate each of the boys' deficits and needs"; and (8) that the children have received consistent support for their social, emotional, academic, and developmental needs, while also maintaining a meaningful bond and contact while in substitute care. The judge also noted how the mother stipulated to current unfitness in July of 2022, and determined that her circumstances remained unimproved at the time of trial, which was only eight months after the stipulation. These findings were supported by both the documentary evidence and testimony at trial, and they clearly and convincingly demonstrate that the mother is unfit, and termination is in each child's best interests.

The mother also claims that the judge failed to assess each individual child's best interests, and instead "simply lumped them all together," which was inappropriate because "[a] determination of parental unfitness must be child-specific." Adoption of Ramona, 61 Mass. App. Ct. 260, 263 (2004). Although the overwhelming majority of the evidence supporting the determination that termination of the mother's parental rights would be in the children's best interests was not specific to any particular child, the judge did single the children out

4

where meaningful to the findings and conclusions.  Therefore, we discern no abuse of discretion or error of law.

Finally, the mother claims that the judge made clearly erroneous findings that warrant a new trial.  "A subsidiary factual finding will only be set aside when it is unsupported by any evidence or when, 'although there is evidence to support it, a reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  Adoption of Peggy, 436 Mass. 690, 702 (2002), quoting Custody of Eleanor, 414 Mass. 795, 799 (1993).  "[W]here a decision terminating parental rights contains a small number of minor factual errors, we may nonetheless affirm the decree without recourse to a remand to the trial court."  Adoption of Eden, 88 Mass. App. Ct. 293, 297 (2015).  See Adoption of Peggy, supra; Adoption of Sherry, 435 Mass. 331, 336 (2001).  Here, any

factual errors the judge may have made were minor, and there is no reason to remand this case to the trial court.

<u>Decrees affirmed</u>.

By the Court (Meade,
Englander & Hodgens, JJ.[3]),

Assistant Clerk

Entered:  May 9, 2024.

---

[3] The panelists are listed in order of seniority.